9-2-15

83849-01

Dear Clerk,

May I ask the Clerk pursuant T.R.A.P. No.2 to suspend the rule for copies. This facility won't copy, let me print, or give me an ink pen and enough paper. Therefore I ask the Clerk for copies of every document enclosed, including the hand written petition. Also as this matter is Bail Pending Appeal, I ask for a preferential right of review.

Respectfully Submitted

Curtis Teer

Curtis Teer
applicant pro se

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 08 2015

Abel Acosta, Clerk

This document contains some pages that are of poor quality at the time of imaging.

Case No. 11-15-00139-CR

| EX PARTE | ( | IN THE COURT |
| CURTIS TEER | ( | OF CRIMINAL APPEALS |
| Applicant | ( | OF THE STATE OF TEXAS |

MOTION FOR LEAVE TO FILE
ORIGINAL PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes Now CURTIS TEER, applicant in the above styled and and numbered cause, and respectfully moves this Court pursuant to Texas Rule of Appellant Procedure 72.1 to grant leave to file the accompanying original petition for writ of habeas corpus and pursuant to Rule 2, asking the Court to accept one copy as this facility will not copy, will not give me access to a or let me use a printer anylonger or provide a form to the Court in ink, as I understand the Court demands.

Respectfully Submitted
Curtis Teer
Curtis Teer
Midland Co. Detention Center
P.O. Box 11387 Midland, TX 79702
Applicant is Pro Se on Appeal

Cause No. 11-15-00139-CR

| EX PARTE | * | IN THE COURT |
| CURTIS TEER | * | OF CRIMINAL APPEALS |
| Applicant | * | OF THE STATE OF TEXAS |

ORIGINAL PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now, CURTIS TEER, applicant, and files this petition for writ of habeas corpus. This is an application for writ of habeas corpus concerning BAIL PENDING APPEAL and therefore applicant requests a preferential right of review pursuant to T.R.A.P. 31.1 and asks for accelerated review and asks the Court to request statement of facts from trial court in less time than 15 days. Applicant is asking for 7 day time limit, as applicant is restrained from reasonable access to the courts, illegally, at this facility, and has 2 appeals pending in the Court of Appeals. If bail is to be facilitated, applicant needs to make urgent use of time to research and prepare appellant briefs. IN Support of this motion, applicant shows the following:

I

Applicant is currently being illegally restrained in his liberty due to the actions of THE HONORABLE Rodney W Satterwhite, respondent.

## II.

Applicant is being restrained by virtue of an de FACTO unreasonable denial of Bond Pending Appeal. The trial judge has Signed an order for bond, however, applicant contends that it is a de Facto Denial for reasons I will Show. The court originally found the granting of bail to be reasonable. And in accordance, precedent, and this Courts' prior rulings set bail Subject to reasonable conditions [Ex parte Anderer, 61 S.W. 3d 398, 399 (Tex. Crim. App. 2001)]. Then three days later, due to the fact that she was unhappy and dissatisfied with the judge's ruling, the assistant district attorney, in collusion with pre-trial Services employee MANUFACTURED false information, Submitted a motion for the trial court to reconsider bond conditions, and 4 days after original ruling of my release being determined to be REASONABLE and being admitted to REASONABLE bail conditions, the judge modified those conditions in a manner most unreasonable. Also, the judge did So WITHOUT AFFORDING APPLICANT MEANINGFUL OPPORTUNITY TO BE HEARD, in order that I might refute prefabricated lies of "indicating" or "intending" anything (p. 3 State's motion to reconsider bond conditions.) This in itself was an abuse of discretion and a violation of due process [ShocKLY v. State, 717 S.W. 2d 922, 926 (Tex. Crim. App. 1986)].

This restraint is unlawful because the object of bail pending appeal is to permit the defendant to retain some measure of liberty until there has been a final disposition. This is one prong. Another reason for the unlawfulness is that it is improper to set a high bail as a de facto method of denying bail. The $330 fee that must be pre paid (see p. 3 (c), (d) on Order Amending Conditions of Bond) might as well be $330,000.00 to applicant, as I have been incarcerated for 20 months and am indigent. [Ex parte Harris, 733 S.W. 2d 712, 714 715 (Tex. Crim. App. Fort Worth 1998, no pet.)].

I will now address the complaint of the bail condition requiring a gps monitor. First of all, I don't have a red cent and the judge knows that. Second, it is AN INFRINGEMENT UPON MY FREEDOM OF ACTION in so many ways. I will enumerate but I also ask the Court to use common sense as a guide, because I doubt I will be exhaustive in my enumeration. I told the judge I work in the oil field as a roustabout. Can't do that and be off down Highway 33 in a valley full of mesquite and lose gps signal and then be in violation. The Federal halfway house I'm going to has case workers who monitor and supervise probationers activities 24 hours per day. I have to get permission to do everything except go to the bathroom.

I am providing the motion to set bond conditions, the motion to reconsider Bond Conditions, and the Order Amending Bond Conditions in the interest of clarity to the Court. I will ask the court clerk to copy them as well as my motion and return copies to me, as this facility will not and my indigent paper supply is limited by the facility as well.

The conditions originally imposed were reasonable. Stringent but doable. Would the Court take note of the system of monitoring and supervision in place BEFORE the AMENDED MOTION and subsequent ORDER. 1) My registration to Midland Police Dept. Where I work, live, phone number, what I drive, on line identifyers ... 2) My new Federal Probation officer (due to same change in feds as on appeal here - same instant offense). This officer will have total authority over me. I'll be subject to drug & alcohol testing and back in S.O.T.P. 3) Dismiss charity Halfway House. Have to get permission to go anywhere or do anything. 24 hour a day monitoring and subject to 24 hr/day drug & alcohol testing. 4) Reporting once a week to Midland Co. Pre-trial Services. Same thing...

Now, would the Court consider what I need to do;

I have to litterally scrounge some money from someone, some church? past acquaintance? Someone to get some identification. I have none, no drivers license, no birth cert., no S.S. card. I'd need to go places to do that.

I have no clothes, zilch, nada. I'd have to go to churches, the Salvation Army. And if I'm fortunate enough to borrow some money from someone, how about a thrift store? NONE OF THAT IS HAPPENING ON A GPS MONITOR! And I told the judge this.

Let us not forget that one of the two briefs I've got due, Pro Se, in the Eleventh Dist. Court of Appeals is due October 15th 2015. I'd have to walk to the courthouse to use the law library. And I bet that someone reading this has the common sense to understand that I'm not a lawyer, I have no legal training. It takes me longer to assimilate information and to do research than it would trained counsel. I will NOT be accomodated by pre-trial, on the monitor, to due process. And I submit to this Court that Judge Satterwhite knows all this. I told him. And if I don't get some relief from this Court and soon, I might as

well throw up my hands, withdraw all my appeals, and go lie down in a corner somewhere in TDCJID. Thus far I get no relief from the courts and probably won't here either. I digress.

I could go on about needing to scrounge up a bicycle to get around to look for a job and how I've got to come up with enrollment money within 10 days of release for project A.D.A.M. pursuant to a protective order, come up with my first $100 payment to federal probation ($3000 fine) due 30 days after release. My first installment of bail, $200.00 to pre trial, due 30 days after release, and, let's see, no clothes, a tooth that needs pulled, skin cancers on my forearm that have come up in the past 2 years that need looked at. And then I could ask this Court, is it reasonable to impose the monitor and basically house arrest & fees I couldn't hope to meet ($330 in advance and $330 monthly)?

I will not belabor the Court with unnecessary details, but to be cursory; my sentence on appeal, 4 years. I've served 20 months. It's not violent. I've never attempted escape. No bond issues. But Judge Satterwhite found Bond reasonable so these issues are moot. All but one.

I have a protective order on me. And this issue of "assurance of safety" keeps being brought up by the district attorney's office

First of all, I never "indicated "ANY" intent" to go back to 3004 Mark ln (where I was living before I met & moved in with Paula, Neal.) But I never got the meaningful opportunity to address that issue (see Shockly v. State Supra.) I ask the Court to consider this; The integrity of a protective order is in and of itself a condition that the defendant not threaten or go near a victim AND IT IS DESIGNED TO INSURE APPEARANCE, SINCE IT DECREASES LIKLIHOOD THAT DEFENDANT WILL COMMIT FURTHER ACT OF VIOLENCE. [Rodriguez v. State, 744 s.w. 2d 361, 363 (Tex. App., Corpus Christi 1988, orig. pro.)]

The assistant district attorney and the district attorney's office itself are still smarting from a: not guilty verdict by jury that I received in the felony charge of assault family violence by choking. I was found guilty of a class A misdemeanor, sentenced to one year, time served. Nonetheless, the a.d.a. still attempts to make a capital case out of it. This issue was also ruled on originally by Judge Satterwhite. I submit this infomation to the Court so that it may determine the nuance

behind the manufactured "information learned after hearing", stated on p. 3, State's motion to Reconsider Bond Conditions. And I wish to state, again, unequivocally and categorically that I did not intimate to anyone - EVER - that I intended to reside across the Street from the protective order victim.

## IV

The petitioner is entitled to relief because the Court ruled bond to be reasonable, then modified without proper evidence, conditions unreasonable to making bail and maintaining it. The de facto denial is obvious. The abuse of discretion is obvious. My probation officer is obligated under the United States Code Service, chapter 229, sub chapter A, § 3601 to house me. I ask the Court to consider that my federal sentence is served. The assistant district attorney alleged false statements, and I was given no opportunity to refute them. The judges original order should stand as it was reasonable.

Wherefore applicant prays the Court order Judge Satterwhite to modify to original ruling, sign my bond and release me to report to my federal probation officer. He is bound to accomodate me with a bed regardless of whether DisMis is at capacity

The moniter is redundant and overly restrictive, not to mention unaffordable. When the Court orders Judge Satterwhite to sign a reasonable bond I will present myself to my federal probation officer. Then if circumstances are not as provided for in the conditions of my release, I can and will immediately notify pretrial as to my status.

Respectfully Submitted
Curtis Teer
Applicant Pro Se

# VERIFICATION OF UNSWORN DECLARATION

"My name is

_Curtis_        _Wayne_        _Teer_ ,

(First)          (Middle)          (Last)

My date of birth is _07 / 09 / 1961_ , and my inmate identifying number, if any, is

# _304112_ .

I am presently incarcerated in _Midland County Detention_

(Corrections unit name)

In      _Midland_ ,    _Midland_ ,    _Texas_ ,

(City)          (County)          (State)

_79702_ .

(Zip Code)

I declare under penalty of perjury that the foregoing is true and correct.

Executed in _Midland_ County, State of _Texas_ , on the _2nd_ day

of _September_ , _2015_ .

(Month)          (Year)

_Curtis Teer_

Declarant"   _Pro Se_

*Under both federal law (28 USC ss1746) and state law (Art.132.001, Texas C.P.R.C.), inmates incarcerated in Texas may use an unsworn declaration under penalty of perjury **in place of a written declaration sworn before a notary public.**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above-entitled and numbered motion has been served on the

District Attorney of _Midland_ County, Texas, by delivery of a true copy

on the _2nd_ day

of _September_, _2015_ by ~~mail~~ fax

_Custer Lun_

FILED

2015 AUG 26 PM 4: 25

ROSS BUSH. DISTRICT CLERK
MIDLAND COUNTY, TEXAS

BY_____DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT |
| | * | |
| V. | * | 441ST JUDICIAL DISTRICT |
| | * | |
| CURTIS WAYNE TEER | * | MIDLAND COUNTY, TEXAS |

## MOTION TO SET BOND CONDITIONS
## WHILE CASE IS PENDING APPEAL

**COMES NOW** the State of Texas by and through her District Attorney and requests this Court to set bond for the Defendant while his case is pending the outcome of the appeal. The State would show as follows:

1. The Defendant was convicted by a jury of two counts of Failure to Comply with Sex Offender Registration in violation of the Texas Code of Criminal Procedure Article 62.102(b)(2) on or about June 16, 2015.

2. The jury trial court assessed the Defendant's punishment at four (4) years confinement in the Institutional Division of the Texas Department of Criminal Justice, to be served concurrently. The Judgments of Conviction were entered on the 16th day of June, 2015.

3. Attorney for the Defendant filed a Notice of Appeal on June 18, 2015.

4. Defendant/Appellant filed a Motion for Bail Pending Appeal on or about August 18, 2015.

5. The State requests the Court to set terms and conditions of bond while the case is pending appeal to assure the Defendant/Appellant's appearance should the judgment of the trial court be affirmed.


COPY

6. The State requests the trial court to include the following conditions of appellate bond:

     a.     Set bail at no less than $50,000 through Midland County Pretrial Bonding;

     b.     Defendant/Appellant shall wear a GPS monitor at all times;

     c.     Defendant/Appellant shall pay $330 for the first month's monitor in advance and regular fee for the GPS monitor;

     d.     Defendant/Appellant shall abide all conditions of the Final Protective Order in cause number FM58485, rendered on February 5, 2015, in County Court at Law No. 2 of Midland County, Texas, including but not limited to no contact to the Applicant, Paula Neal.

     e.     The Defendant/Appellant shall comply with all requirements of the Judgment in cause number 7:14-CR-005-01 in the United States District Court of the Western District of Texas, pronounced and entered on August 14, 2014. Specifically, Defendant/Appellant shall comply with all requirements and conditions of Supervised Release.

     f.     All other conditions of bond as normally applicable to persons who wear a GPS monitor and conditions of bond for persons through Midland County Pretrial Bonding.

Wherefore, premises considered, The State prays the Court grant this motion to set terms and conditions of bond pending the disposition of the Defendant/Appellant's appeal.

Respectfully submitted,

_Carolyn D. Thurmond_
Carolyn D. Thurmond
Assistant District Attorney
Midland County, Texas
500 North Loraine, Suite 200
Midland, Texas 79701
(432) 688-4411; FAX (432) 688-4938

## CERTIFICATE OF SERVICE

I, Carolyn D. Thurmond, do hereby certify that on the 26th day of August 2015, I sent a true and correct copy of the foregoing document by hand delivery or United States mail to the Defendant/Appellant

Curtis Wayne Teer
Midland County Detention Center
#304112


_Carolyn D. Thurmond_
Carolyn D. Thurmond

CAUSE NO. CR-42737

| THE STATE OF TEXAS | * IN THE DISTRICT COURT |
| | * |
| V. | * 441ST JUDICIAL DISTRICT |
| | * |
| CURTIS WAYNE TEER | * MIDLAND COUNTY, TEXAS |

## STATE'S MOTION TO RECONSIDER BOND CONDITIONS
## WHILE CASE IS PENDING APPEAL

COMES NOW the State of Texas by and through her District Attorney and requests this Court to reconsider the terms and conditions of bail set for the Defendant while his case is pending the outcome of the appeal. The State would show as follows:

*Proceedings*

1. The Defendant was convicted by a jury of two counts of Failure to Comply with Sex Offender Registration in violation of the Texas Code of Criminal Procedure Article 62.102(b)(2) on or about June 16, 2015.  The jury assessed the Defendant's punishment at four (4) years confinement in the Institutional Division of the Texas Department of Criminal Justice, to be served concurrently. 3. Attorney for the Defendant filed a Notice of Appeal on June 18, 2015.

2. Defendant/Appellant filed a Motion for Bail Pending Appeal on or about August 18, 2015. The State filed a Motion to Set Bond Conditions Pending Appeal on August 26, 2015.

*Bond Conditions*



1

3. Hearing on said motions was held on Friday, August 28, 2015, in which this court set the following conditions of bail:

a) Bond set at $20,000 and Defendant/Appellant will bond out through Midland County Pretrial Services. Defendant/Appellant shall pay the bond fee in three installments of $200 each 30, 60, 90 days after release.

b) Defendant/Appellant shall abide by all conditions of his federal supervised release in cause number 7:14-CR-005-01 in the United States District Court of the Western District of Texas, pronounced and entered on August 14, 2014.

c) Defendant/Appellant shall abide all conditions of the Final Protective Order in cause number FM58485, rendered on February 5, 2015, in County Court at Law No. 2 of Midland County, Texas, including but not limited to no contact to the Applicant, Paula Neal.

d) Defendant/Appellant shall reside at the federal half-way facility, Dismas, for so long as required according to the terms federal supervised release.

e) Defendant/Appellant shall notify Midland County Pretrial Services at least fourteen (14) days in advance or as soon as he is given notice of his discharge, whichever is earlier, of his discharge from Dismas.

f) Defendant/Appellant shall execute all releases so Midland County Pretrial Services may confer with U.S. Probation and personnel at

2

Dismas about his status and compliance with terms and condition of supervised release and Dismas facility rules.

g) Defendant/Appellant shall report in person one time per week to Midland County Pretrial Services.

h) Abide by all conditions of Midland County Pretrial Services.

*Information learned after the hearing*

4. After the hearing on August 28, 2015, Priscilla Bonilla learned the following in the course of reviewing ascertaining Defendant/Appellant's suitability for bail through Midland County Pretrial Services:

a) U.S. Probation Officer Keith Thompson informed Priscilla Bonilla that Dismas is full and a bed for Defendant/Appellant will not be available until October 2015.

b) Defendant/Appellant indicated his permanent residence is 3004 Mark Lane, Midland, Texas. Defendant/Appellant intends to reside there until he may enroll in Dismas.

c) 3004 Mark Lane, Midland, Texas is across the street from the residence of Paula Neal, 4510 LaSalle Circle, Midland, Texas. The residences are 161 feet apart from one another.

d) Defendant/Appellant will be in violation of the Final Protective Order which specifically prohibits Defendant/Appellant from "Going to or near, or within 200 yards of the residence of the Applicant...or household of PAULA NEAL located at 4510 LASALLE CIRCLE,

3

Midland, Midland County, Texas 79707." (Final Protective Order, page 3, State's Exhibit #2 admitted at hearing on August 28, 2015).

*Request for reconsideration of bail conditions*

5. The State requests the Court to reconsider the terms and conditions of bond while the case is pending appeal to assure the Defendant/Appellant's appearance should the judgment of the trial court be affirmed and to assure safety of the community.

6. The State requests the trial court to include the following conditions of appellate bond:

    a) Defendant/Appellant shall wear a GPS monitor at all times;

    b) Defendant/Appellant shall pay $330 for the first month's monitor in advance and regular fee for the GPS monitor;

    c) Defendant/Appellant shall obtain housing that meets with the approval of Midland County Pretrial Services and in compliance with all requirements and conditions of Supervised Release and the Final Protective Order.

    d) All other conditions of bond as normally applicable to persons who wear a GPS monitor and conditions of bond for persons through Midland County Pretrial Services.

    e) If Defendant/Appellant cannot meet these additional conditions of bond, then he shall continue to be incarcerated in the Midland

4

County Detention Center until a bed space is available for him at Dismas.

f) Any other terms and conditions as ordered by the court.

Wherefore, premises considered, The State prays the Court grant this motion to set terms and conditions of bond pending the disposition of the Defendant/Appellant's appeal.

Respectfully submitted,

Carolyn D. Thurmond
Assistant District Attorney
Midland County, Texas
500 North Loraine, Suite 200
Midland, Texas 79701
(432) 688-4411; FAX (432) 688-4938

## CERTIFICATE OF SERVICE

I, Carolyn D. Thurmond, do hereby certify that on the 31st day of August 2015, I sent a true and correct copy of the foregoing document by hand delivery or United States mail to the Defendant/Appellant

Curtis Wayne Teer
Midland County Detention Center
#304112

Carolyn D. Thurmond

5

CAUSE NO. CR-42737          FILED

2015 SEP -1 PM 3:51

ROSS BUSH. DISTRICT CLERK
MIDLAND COUNTY, TEXAS

BY_____DEPUTY

THE STATE OF TEXAS          * IN THE DISTRICT COURT

                            *

V.                          * 441ST JUDICIAL DISTRICT

                            *

CURTIS WAYNE TEER           * MIDLAND COUNTY, TEXAS

## ORDER AMENDING CONDITIONS OF BOND PENDING TRIAL

ON THIS DAY came on for consideration the State's Motion to Reconsider Bond Conditions while Case is Pending Appeal in the above entitled and numbered cause wherein the said Defendant/Appellant was convicted of two counts of Failure to Register as a Sex Offender, an offense under article 62.102(b)(2) of the Texas Code of Criminal Procedure, and having considered the same, the Court is of the opinion that the release of the Defendant/Appellant on bail should be subject to the following additional conditions. **IT IS ORDERED** the Defendant/Appellant shall be released upon additional conditions of bond as follows:

1. Bond set at $20,000 and Defendant/Appellant through Midland County Pretrial Services. Defendant/Appellant shall pay the bond fee in three installments of $200.00 each no later than the 30th day, 60th day, and 90th day after his release from the Midland County Detention Center.

2. Defendant/Appellant shall abide by all conditions of his federal Supervised Release as set forth in the Judgment in cause number 7:14-CR-005-01 in the United States District Court of the Western District of Texas, pronounced and entered on August 14, 2014.

1

3. Defendant/Appellant shall abide all terms and conditions as set forth in the Final Protective Order in cause number FM58485, rendered on February 5, 2015, in County Court at Law No. 2 of Midland County, Texas, including but not limited to no contact with the Applicant, Paula Neal.

4. Defendant/Appellant shall submit to Electronic Monitoring Supervision (GPS) through the Midland County Pretrial Office.

   a. Defendant/Appellant and is admonished to remain at his designated address at all times except for the following: (1) fire or medical emergency, (2) to attend Court or visit with his attorney, (3) to seek and attend employment, (4) to visit with Midland County Pretrial Services officer or Federal Probation Officer, and (5) any other meeting in connection with fulfilling the requirements of the Final Protective Order in FM58485 or Supervised Release in in cause number 7:14-CR-005-01, with prior approval of the Midland County Pretrial Services supervising officer.

   b. Defendant/Appellant shall wear the electronic monitoring device (GPS) at all times and shall not remove it from his/her person without approval from the Court.

c. Defendant/Appellant shall post $330 with Midland County Pretrial prior to his release for 30 days of electronic monitoring services.

d. Thereafter, Defendant/Appellant will continue to pay $11.00 per day or $330 per month as long as his appellate case remains pending or until further order of the Court.

5. Defendant/Appellant shall report in person, one time per week to Midland County Pretrial Services, and at all other times as directed by his supervising officer at Midland County Pretrial Services.

6. Abide by all terms and conditions of Midland County Pretrial Services.

7. Defendant/Appellant shall designate his residence and place(s) of employment to the Midland County Pretrial Services office and not change his or her designated residence without the prior permission of said office; Defendant/Appellant shall designate Defendant/Appellant the new residence and any change in the Defendant/Appellant's place (s) of Employment to the Midland County Pretrial Services Office within two days of any Change. IT IS FURTHER ORDERED any residence and/or place of employment of the Defendant/Appellant is subject to approval by Midland County Pretrial Services.

8. Defendant/Appellant shall reside at the federal half-way facility, Dismas, once a bed becomes available and he is admitted into the

3

facility, for so long as required according to the terms federal supervised release.

9. Defendant/Appellant shall notify Midland County Pretrial Services at least fourteen (14) days in advance or as soon as he is given notice of his discharge, whichever is earlier, of his discharge from Dismas.

10. Defendant/Appellant shall execute all releases so Midland County Pretrial Services may confer with U.S. Probation and personnel at Dismas about his status and compliance with terms and conditions of supervised release and Dismas facility rules.

IT IS ORDERED the Defendant/Appellant shall remain in custody with the Midland County Sheriff's Office until all conditions of bond are met or unless otherwise ordered by the Court.

Signed the ___1___ day of ___April___, 2015.

_Rodney W. Satterwhite_
JUDGE PRESIDING

XC: C. Thurmond, R. Patterson
C. W. Teer C/O MC Jail - R. Graham / Adam Hilliard
MCPT

4